IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TEURAH CROUCH, formerly known as Teurah Malone, | § § § | |
| Plaintiff, | § § § | |
| V. | § § | No. 3:25-cv-2162-G-BN |
| REGIONAL ACCEPTANCE CORPORATION, | § § § § | |
| Defendant. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

*Pro se* plaintiff Teurah Crouch (formerly known as Teurah Malone) ("Crouch") filed this lawsuit alleging violations of the Telephone Consumer Protection Act ("TCPA"), a federal statute, in an Ellis County, Texas justice court, and Defendant Regional Acceptance Corporation ("RAC") removed under the Court's federal-question subject-matter jurisdiction. *See* Dkt. No. 1.

Senior United States District Judge A. Joe Fish referred the removed lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

RAC then moved to dismiss Crouch's claims under Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. No. 6. Crouch responded, and RAC replied. *See* Dkt. Nos. 11, 14, & 15.

For the reasons and to the extent set out below, the Court should grant the motion to dismiss and dismiss this lawsuit.

## Legal Standards

A motion under Rule 12(b)(6) is "not meant to resolve disputed facts or test the merits of a lawsuit" but "instead must show that, even in the plaintiff's best-case scenario, the complaint does not state a plausible case for relief." *Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 581 (5th Cir. 2020).

Considering such a motion, the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

But a plaintiff still must plead "enough facts to state a claim to relief that is plausible on its face" and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 555 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

So a court's "obligation [is] to accept [the] complaint's factual allegations as true and assess whether those facts permit a reasonable inference that [a defendant] is liable." *Sewell*, 974 F.3d at 581; *cf. Bryant v. Ditech Fin., L.L.C.*, No. 23-10416, 2024 WL 890122, at *3 (5th Cir. Mar. 1, 2024) ("[J]ust as plaintiffs cannot state a claim using speculation, defendants cannot defeat plausible inferences using speculation.").

This "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*,

556 U.S. at 678.

So, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up; quoting *Twombly*, 550 U.S. at 557); *see, e.g., Parker v. Landry*, 935 F.3d 9, 17 (1st Cir. 2019) (Where "a complaint reveals random puffs of smoke but nothing resembling real signs of fire, the plausibility standard is not satisfied.").

And, while Federal Rule of Civil Procedure 8(a)(2) does not mandate detailed factual allegations, it does require that a plaintiff allege more than labels and conclusions.

So, while a court must accept a plaintiff's factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Consequently, a threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*; *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) ("[T]he court does not 'presume true a number of categories of statements, including legal conclusions; mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021))).

Summed up, "to survive" dismissal under *Twombly* and *Iqbal*, plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive

plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *cf. Brown v. Tarrant Cnty., Tex.*, 985 F.3d 489, 494 (5th Cir. 2021) (While "*[p]ro se* complaints receive a 'liberal construction,'" "mere conclusory allegations on a critical issue are insufficient." (cleaned up)).

Federal Rule of Civil Procedure 15 requires that leave to amend be granted freely "when justice so requires." FED. R. CIV. P. 15(a)(2).

Because this rule provides a "strong presumption in favor of granting leave to amend," *Fin. Acquisition Partners, LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006), the Court must do so "unless there is a substantial reason to deny leave to amend," *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. Nov. 1981).

One such reason is futility. That is, "[i]f the complaint, as amended, would be subject to dismissal, then amendment is futile and the district court [is] within its discretion to deny leave to amend." *Martinez v. Nueces Cnty., Tex.*, 71 F.4th 385, 391 (5th Cir. 2023) (quoting *Ariyan, Inc. v. Sewage & Water Bd. of New Orleans*, 29 F.4th 226, 229 (5th Cir. 2022)).

In this regard, the Court must "ask whether, in his proposed amended complaint, [a plaintiff] has pleaded 'factual content that allows the court to draw the reasonable inference that [a] defendant is liable for the misconduct alleged.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678); *cf. Peña v. City of Rio Grande City*, 879 F.3d 613, 618 (5th Cir. 2018) ("Where the district court's denial of leave to amend was based solely

on futility, [the United States Court of Appeals for the Fifth Circuit] applies a de novo standard of review identical, in practice, to the standard used for reviewing a dismissal under Rule 12(b)(6)." (cleaned up)).

## Analysis

The operative complaint remains Crouch's petition filed in state court in which she requests relief ($4,800) under an unspecified provision of TCPA based on text messages that she received from RAC after she revoked consent to receive text messages. *See* Dkt. No. 1-2; *id.* at 2 (alleging that, under the TCPA, "a company must cease sending automated messages when consent is revoked").

Through her response to the motion to dismiss, Crouch identifies Section 227(b)(1)(A)(iii), a subpart of the TCPA, and adds that "the loan agreement contemplates Defendant's use of an automated telephone dialing system (ATDS) and/or prerecorded/artificial voice to contact borrowers." Dkt. No. 14 at 1.

Plaintiffs may not amend their allegations through a response to a motion to dismiss.

But federal district courts routinely allow *pro se* litigants an opportunity to amend their pleadings after removal. *See Plamquist v. Hain Celestial Grp., Inc.*, 103 F.4th 294, 303 (5th Cir. 2024) ("[A] plaintiff should not be penalized for adhering to the pleading standards of the jurisdiction in which the case was originally brought. Otherwise, where there are potentially diverse parties, plaintiffs would essentially have to plead the federal pleading standard in state court for fear of having their claims against non-diverse parties thrown out upon reaching federal courts for failing

- 5 -

to comply with the demands of [Federal Rule of Civil Procedure] 12(b)(6)." (citing *Peña*, 879 F.3d at 617 ("Removal from a notice-pleading jurisdiction is a natural time at which justice would call for the court to permit such an amendment." (citing *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1021 (9th Cir. 2013))))).

So, to the extent that Crouch's response reveals how she would amend her claims if the Court were to grant leave to amend, the undersigned has considered its substance below.

And, because neither the operative complaint nor Crouch's proposed "amendment" provides the factual content required to plausibly plead a claim under the TCPA, not only should the Court grant RAC's motion to dismiss, but it should also deny Crouch leave to amend as futile since, for the reasons set out below, Crouch's claims would still not survive a challenge under Rule 12(b)(6).

> Section 227(b) of the TCPA makes it unlawful for any person to "make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii). A violation of § 227(b)(1)(A)(iii) occurs if: "(1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system or an artificial or prerecorded voice; (3) without the recipient's prior express consent." *Cunningham v. Nationwide Sec. Sols., Inc.*, No. 3:17-cv-337-M, 2017 WL 10486988, at *2 (N.D. Tex. Nov. 2, 2017) (quoting *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012)).

*Hunsinger v. Alpha Cash Buyers, LLC*, No. 3:21-cv-1598-D, 2021 WL 5040228, at *3 (N.D. Tex. Oct. 29, 2021) (cleaned up).

And "[a] text message to a cellular telephone, it is undisputed, qualifies as a 'call' within the compass of § 227(b)(1)(A)(iii)." *Id.* (quoting *Campbell-Ewald Co. v.*

*Gomez*, 577 U.S. 153, 156 (2016)).

Section 227(b) violations require the use of an automatic telephone dialing system ("ATDS") or an "artificial or prerecorded voice." 47 U.S.C. § 227(b)(1)(A)(iii).

Taking the ATDS option first,

> [t]he TCPA defines an ATDS as "equipment which has the capacity – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). [And] the Supreme Court resolved a circuit split "regarding whether an autodialer must have the capacity to generate random or sequential phone numbers," or whether an ATDS "need only have the capacity to store numbers to be called and to dial such numbers automatically." *Facebook, Inc. v. Duguid*, 592 U.S. 395, 401 (2021) (internal quotations omitted). The Court held that, "[t]o qualify as an 'automatic telephone dialing system,' a device must have the capacity either to store a telephone number using a random or sequential generator or to produce a telephone number using a random or sequential number generator." *Id.* at 399. Thus to establish a claim under § 227(b), "the equipment in question must use a random or sequential number generator," not merely auto-dial stored numbers. *Id.* at 404.

*Id.* (cleaned up).

In *Duguid*,

> [t]he Court's discussion of the TCPA's policy aims also supports the view that an autodialer must be able to generate random or sequential telephone numbers. It noted that autodialers had "revolutionized telemarketing by allowing companies to dial random or sequential blocks of telephone numbers automatically." Besides annoying consumers, the autodialer "threatened public safety by 'seizing the telephone lines of public emergency services, dangerously preventing those lines from being utilized to receive calls from those needing emergency services.'" And it could "simultaneously tie up all the lines of any business with sequentially numbered phone lines."

*Borden v. eFinancial, LLC*, 53 F.4th 1230, 1234 (9th Cir. 2022) (cleaned up; quoting *Duguid*, 592 U.S. at 399-400); *see also Beal v. Outfield Brew House, LLC*, 29 F.4th 391, 395 (8th Cir. 2022) (Section 227 "'target[s] a unique type of telemarketing

equipment that risks dialing emergency lines randomly or tying up all the sequentially numbered lines at a single entity.' [And t]he Court reasoned, 'Expanding the definition of an [A]utodialer to encompass any equipment that merely stores and dials telephone numbers would take a chainsaw to these nuanced problems when Congress meant to use a scalpel.'" (quoting *Duguid*, 592 U.S. at 405)).

But the use of an ATDS employing a random or sequential number generator is not required where a plaintiff alleges that an artificial or prerecorded voice played.

That is because, "[t]o be liable under the 'artificial or prerecorded voice' section of the TCPA, … a defendant must make a call and an artificial or prerecorded voice must actually play." *Ybarra v. Dish Network, L.L.C.*, 807 F.3d 635, 640 (5th Cir. 2015). So, if a defendant "mak[es] a call in which a prerecorded voice might, but does not, play is not a violation of the TCPA." *Id.* at 641.

> Instead, the prerecorded voice must "speak" during the call. A party who makes a call using an automatic telephone dialing system uses the system to make the call, regardless of whether the recipient answers, and thereby triggers TCPA liability. With a prerecorded voice, though, unless the recipient answers, an artificial or prerecorded voice is never *used*.

*Id.* (emphasis in original); *see also Lenorowitz v. Mosquito Squad of Fairfield & Westchester Cnty.*, No. 3:20-cv-01922 (JBA), 2022 WL 4367596, at *5 (D. Conn. Sept. 21, 2022) (concluding that, in its "view, it is sufficient under the TCPA for Plaintiff to demonstrate that a message containing a pre-recorded voice was successfully delivered to his voice mailbox" (collecting cases)).

Crouch's complaint fails to mention either the use of an ATDS or an artificial or prerecorded voice or – more importantly – facts from which the Court may

reasonably infer the use of either.

So the pleading alone fails to plausibly allege a violation of the TCPA.

And, while Crouch does offer more through her response – that "the loan agreement contemplates Defendant's use of an automated telephone dialing system (ATDS) and/or prerecorded/artificial voice to contact borrowers" – as to an ATDS, that allegation is conclusory considering that, since *Duguid*, courts have emphasized the need to plausibly allege the use of an ATDS by focusing on facts that could show that the defendant's device used a random or sequential number generator to produce or store phone numbers (as opposed to another method).

Nor has Crouch plausibly pleaded that a prerecorded voice "spoke" during a call (or even that a pre-recorded voice message was left for her) where all she has alleged is that she received text messages. And, so, the motion to dismiss should be granted and this lawsuit should be dismissed with prejudice.

But the opportunity to file objections to these findings, conclusions, and recommendation (as further explained below) allows Crouch another opportunity to show that this case should not be dismissed with prejudice and that the Court should instead grant leave to amend. *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires, but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave." (citations omitted)).

### Recommendation

The Court should grant Defendant Regional Acceptance Corporation's motion to dismiss [Dkt. No. 6] and, unless Plaintiff Teurah Crouch through timely objections to this recommendation shows a basis to amend to allege a plausible claim, the Court should dismiss this lawsuit with prejudice for failure to state a claim on which relief may be granted.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 11, 2026

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE